UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WIILLAVIZE,

        Petitioner,        Case No. 1:09-cv-62

v.        Honorable Robert J. Jonker

CAROL HOWES,

        Respondent.
_____

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

          Petitioner is incarcerated in the Florence Crane Correctional Facility. He pleaded guilty in the Calhoun County Circuit Court to third-degree fleeing a police officer, MICH. COMP. LAWS § 750.479a(3), and assaulting, resisting or obstructing a police officer. MICH. COMP. LAWS § 750.81d(1). On September 14, 2007, the trial court sentenced Petitioner as a third habitual offender to prison terms of three to ten years and one to four years, respectively. While Petitioner was jailed for 121 days from the time he committed the offenses until he was sentenced, the trial court refused to give him credit for time served because he was on parole at the time he committed the offenses. Petitioner was convicted in 2000 of breaking and entering a building with intent and was sentenced by the Calhoun County Circuit Court to a prison term of twenty months to fifteen years. Petitioner was on parole from the breaking and entering conviction when he committed the offenses at issue in this case.

          Petitioner filed an application for leave to appeal in the Michigan Court of Appeals claiming that the trial court improperly ordered him to pay attorney fees, failed to give him credit for time served and incorrectly scored the sentencing guidelines for purposes of determining his minimum sentence. In lieu of granting leave to appeal, the Michigan Court of Appeals issued an order on March 14, 2008, vacating that portion of the sentence that ordered Petitioner to pay attorney fees and remanded Petitioner's case for a new determination based upon Petitioner's current and future ability to reimburse the county for attorney fees. The court of appeals denied Petitioner's application as to the remaining issues for lack of merit in the grounds presented. Petitioner sought leave to appeal his two unresolved claims in the Michigan Supreme Court. On July 29, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not

persuaded that the questions presented should be reviewed by the court, although Justice Kelly would have granted leave.

    Petitioner now raises the following two grounds for habeas corpus relief, which were raised in the state courts on direct appeal:

  I.  Denial of credit for time served as a parole detainee by the trial court; deprived Defendant of Due Process, Equal Protection and Double Jeopardy rights.

  II.  Incorrect Sentence Guidelines, specifically Offense Variables, used to calculate Defendant's minimum sentence, in violation of his 5th and 14th U.S. Constitutional Amendment rights.

(Amend. Pet. 6-7, docket #7.)

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

### I. Denial of Credit for Time Served

Petitioner claims that the trial court violated his Fourteenth Amendment due process and equal protection rights and his Fifth Amendment right against double jeopardy when it refused to grant him credit for the 121 days he served in jail before his sentence for the crimes he committed while on parole. Petitioner's claim concerns the interplay between state statutes governing sentencing and parole. The sentence credit statute, MICH. COMP. LAWS § 769.11b, provides that if a sentencing court has before it a convict who has served time in jail before sentencing because he or she could not afford or was denied bond, the court must credit that person with time served. MICH. COMP. LAWS § 768.7a(2), directs that sentences of persons convicted of felonies committed while on parole for earlier offenses "begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense." Finally, MICH. COMP. LAWS § 791.238(2) provides in part:

> A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services is treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of

> his or her maximum imprisonment. The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served.

Interpreting these statutes, Michigan courts have repeatedly held that when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense and is not entitled to credit for time served in jail on the sentence for the new offense. *People v. Stead*, 716 N.W.2d 324 (Mich. Ct. App. 2006); *People v. Stewart*, 513 N.W.2d 147 (Mich. Ct. App. 1994); *People v. Watts*, 464 N.W.2d 715 (1991); *People v. Brown*, 463 N.W. 2d 491 (Mich. Ct. App. 1990). Petitioner was on parole when he committed the offenses at issues in this case. Accordingly, the trial court's failure to credit Petitioner's sentence for the new offense was in keeping with Michigan law.

Petitioner challenges the Michigan court's interpretation of state statutes governing sentence credit and parole. It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure, that do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle*, 502 U.S. 62, 67-68. Federal courts consistently have rejected similar claims challenging the interpretation and application of Michigan's sentencing and parole statutes because they are not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008); *Sterhan v. Bell,* No. 07-cv-15229, 2009 WL 3757035, at *4 (E.D. Mich. Nov. 10, 2009); *Person v. Booker*, No. 2:06-cv-13394, 2008 WL 1701644, at *2 (E.D. Mich.

Apr. 10, 2008). *See also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("We must accept as valid a state court's interpretation of the statutes and rules of practice of that state."); *Hack v. Elo*, 38 F. App'x 189, 194 (6th Cir. 2002) ("The interpretation of state statutes and legislative intent by state appellate courts is a matter of state law which is not reviewable in habeas corpus."). Accordingly, the Court finds that Petitioner's due process claim is not cognizable.

Petitioner asserts violations of two specific federal constitutional protections. First, he contends that the Michigan court's application of the sentence credit and parole statutes violates the Equal Protection Clause of the federal constitution. The basis of Petitioner's equal protection claim is not entirely clear, but he appears to allege that parolees are treated differently from non-parolees, who would be entitled to credit for time served while awaiting entry of judgment and sentence. Petitioner's argument is without merit. The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. 14, § 2. The Supreme Court has described the protection afforded by the Clause as "'essentially a direction that all persons similarly situated should be treated alike.'" *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Petitioner does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998). Moreover, a fundamental right is not at issue.[1] A prisoner has no right under the

---

[1] Because Petitioner pleaded guilty, this case does not implicate the equal protection problem alluded to by Justice Marilyn Kelly in her dissent to the denial of the defendant's application for leave to appeal in *People v. Conway*, 716 N.W.2d 554 (Mich. 2006). In her dissent, Justice Kelly described a scenario where two parolees commit a new

federal constitution to earn or receive sentencing credits. *See Grays*, 618 F. Supp.2d at 747 (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)).

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). In the case of parolees who commit new offenses, the State has a legitimate penological interest in applying credit for time served to the remainder of the sentences for their previous offenses. And detaining parolees on parole holds while the new crimes are adjudicated also is a rationally related to protecting the community from recidivists. *See Holloway v. Trombly*, No. 05-cv-10276, 2009 WL 270166, at *9 (E.D. Mich. Feb. 3, 2009). Because the state's application of the sentencing and parole statutes are rationally related to a legitimate governmental purpose, there is no equal protection violation.

Petitioner also asserts a double jeopardy violation. The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This clause protects against multiple punishments for the same offense. *See North United States v. Dixon*, 509 U.S. 688, 696 (1993); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Costo v. United States*, 904 F.2d 344 (6th Cir. 1990). Petitioner's double

---

offense on parole; one pleads guilty and is sentenced after thirty days and the other spends twenty-six months in jail awaiting trial before being convicted and receiving the same sentence as the prisoner who pleaded guilty. Under Michigan law, the prisoner who exercised his fundamental right to trial would serve twenty-five months longer than the parolee who pleaded guilty.

jeopardy rights clearly were not violated in this case. When Petitioner violated his parole by committing new offenses, he became liable for the remainder of his maximum sentence for his previous offense. *See* MICH. COMP. LAWS § 791.238(2). Petitioner has not served the maximum on his previous offense and does not allege that he was denied credit for the 121 days time served on that offense. Accordingly, he cannot establish an equal protection violation.

II. Sentence Scoring

In his second ground for habeas corpus relief, Petitioner contends that the court incorrectly and arbitrarily scored the sentencing guidelines. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447*; United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentences of three to ten years for fleeing a police officer and one to four years for assaulting, resisting or obstruction a police officer clearly are not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on

false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

Petitioner further claims that the trial court violated the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09; *See Chontos v. Berghuis*, ___ F.3d ___, 2009 WL 3734675, at *1 (6th Cir. Nov. 10, 2009) (holding that *Apprendi* line of cases does not apply to Michigan's indeterminate sentencing scheme). Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *see also Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, * 2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated:  December 2, 2009   /s/ Robert J. Jonker
                           ROBERT J. JONKER
                           UNITED STATES DISTRICT JUDGE